Appeal from a final order in a habeas corpus proceeding, brought to determine the custody of an infant, Gail J. Kananack, entered on the decision of an Official Referee, in the office of the Clerk of the County of Westchester. The order, in part, decrees that the mother of the infant is not unfit to have custody, that the influence of the mother’s present husband is not bad or detrimental to the interests of the infant, that certain provisions of a stipulation annexed to and forming part of a final decree of divorce obtained by the mother against appellant in the State of Florida, and which relate to custody of the infant, should not be carried out, maintained, adhered to or observed by the parties, and that for the present the infant shall attend a designated church or Sunday school, or both. Order modified on the law and the facts by striking from the second ordering paragraph the words, “ except as to paragraph ‘ 7 ’ thereof which should not be carried out against the best interests of the child herein,” and the words, “except for the said paragraph ‘ 7 ’ thereof,” and by striking out all of the third ordering paragraph. As so modified the order, insofar as appealed from, is affirmed, without costs. Appellant, the father of the infant, and the respondent mother are of diverse religious beliefs. Since the Florida divorce, each has remarried. The stipulation annexed to the decree of divorce and made a part thereof provides for increased custodial rights in the father, in the event of remarriage of the mother and, inter alia, that “Religious training of the daughter shall at all times be subject to the approval of both the husband and wife.” It was within the power of the parties so to agree (Domestic Relations Law, § 81), and such agreements have in general been held valid in this country. (Weinberger V. Van Hessen, 260- N. Y. 294.) The order appealed from directs compliance with this provision of the stipulation and decree, but nevertheless also directs attendance by the infant at a specified church or Sunday school, or both, contrary to the wishes of the father. Neither party sought the direction of the court as to the child’s religious training. The father sought merely to enforce the provisions of the decree of the Florida court. The mother contended, inter alia, that the father had not, nor did he profess, any religious belief, and that he was therefore unfit to have his child in his custody. This contention was not sustained by the evidence. The Florida decree was obtained by the mother, and whatever the facts were with respect to her husband’s religious beliefs, they were well known to her when she entered into the stipulation and applied to the Florida court for the decree, which contained the provisions, custodial and otherwise, to which she now objects. The order appealed from expressly finds and decrees that neither the father nor the mother is unfit to have custody of the child. Having so found, it was unneces *784 sary in deciding the question of custody, which was the only question before the court, to provide further for the child’s religious discipline. While the court must, on occasion, decree partial custody, including the right of religious education according to the views of the custodian, it will not take the question of a child’s religious education into its own hands short of circumstances amounting to unfitness of the custodian (Weinberger v. Van Hessen, supra), and in a dispute relating to custody, religious views afford no grounds for depriving a parent of custody who is otherwise qualified. (Benton V. Janies, 107 Kan. 729.) We find in the record no evidence sufficient to warrant the Official Referee’s finding that there has been a material change of circumstances subsequent to the entry of the Florida' decree, to the detriment of the child’s welfare, by virtue of the marriages of the parties, or through failure to provide for religious training, and that finding is, accordingly, reversed. There is no finding that either the father or the mother, the father’s present wife or the mother’s present husband, is unfit or will influence the child to her detriment. If, as the mother contends, the infant is nervous and confused as a result of the divided custody, that condition will not be cured by the slight changes in the custodial provisions of the Florida decree effected by the order'appealed from. The custodial provisions of the Florida decree, which result from the agreement of the parties, freely made, and presented to the Florida court by the mother, should be enforced in their entirety. Hagarty, Acting P. J., Carswell, Adel and Nolan, JJ., concur; Sneed, J., not voting.